GERE v. CANAL BOILER WORKS et al.
No. 16.

District Court, W. D. Washington, N. D.
April 9, 1940.

Judgment for plaintiff against the defendants indicated in opinion.

Peyser & Bailey and John D. Cartano, all of Seattle, Wash., for plaintiff.

Little, Burgunder & Smith, of Seattle, Wash., for defendants.

CAVANAH, District Judge.

The plaintiff filed his bill of complaint against the defendants, complaining that they had infringed a certain patent for a new and useful method of manufacturing water or hydraulic pipe, granted to one Cecil R. Smith, February 23, 1932, No. 1,846,368, of which plaintiff was the assignee.

The suit was brought on the patent, a copy of which was admitted in evidence which contains allegations that the invention patented had gone into extensive use. The bill further alleges that the defendants have been notified of plaintiff's ownership and rights under the patent, and of defendants' infringement thereof, but despite plaintiff's request that the defendants cease infringing, they continue so doing by manufacturing and sale of hydraulic pipe in a manner identical to that method covered by the patent and that the defendants derived great gain and profit from such use and prayed a disclosure thereof and accounting of the profits.

The defendants Alex Hedquist and Werner Johnson defaulted and did not appear, but the other defendants answered and took issue with the plaintiff, first, that the complaint fails to state a claim against them upon which relief can be granted. It is thought as to that issue, it should be resolved in the negative. The next issue and it may be said to be the principal one now before the Court. Did the defendants infringe the patent involved? Infringement being a question of fact, as an aid to its solution, courts are furnished, usually with expert comparison of the contending devices, their identity, or difference of construction and mode of operation. The defendants contend for a very narrow construction of the patent based on its claim and prior art. Their offer of proof in that regard of prior art were for the purpose as stated by them of construing the patent and in doing so they co-mingled their offer of proof with objectionable matters provided for by Section 69, 35 U.S.C.A. without complying with it before such proof is admissible after being objected to by the

plaintiff. It is apparent that the affirmative defenses relate to those matters covered by Section 69 as they relate to want of invention or novelty in the patent, the method not patentable subject matter, the letters patent are invalid and void because the invention or method of making pipe and all material and substantial parts thereof had prior to the date of the invention of Smith been described and published, patented and contained in letters patent and applications therefor; that every material and substantial part thereof was in public use in the United States for more than two years prior to the application for a patent by Smith, that the patent was invalid and void because Smith unjustly and surreptitiously obtained a patent which for that purpose was in fact invented by others, that Henry B. Youngquist and others were jointly inventors thereof; that the patent was void because Smith prior to the assignment of the patent and his assignee had been aware that in his claims 1, 2, 3, 4 and 5 more was claimed than that of which he was the original or first inventor or discoverer; that they have failed or neglected to file in the United States Patent Office any disclaimer, and that pipe by the method described in the patent office or substantially identical thereto was freely fabricated, used and sold throughout the United States by manufacturers prior to the institution of any suit on the patent; that plaintiff and his assignor knew of such manufacture and acquiesced therein, and therefore the plaintiff is estopped from enforcing any right against the defendants and is estopped to assert infringement or to maintain this suit by reason of the delay and laches and that the letters patent were issued by the patent office without due knowledge of the relevant prior art.

■ The purpose of the offer of proof by the defendants as stated by counsel at the trial clearly discloses that it is objectionable under Section 69, 35 U.S.C.A. which provides:

"In any action for infringement the defendant may plead the general issue, and, having given notice in writing to the plaintiff or his attorney thirty days before, may prove on trial any one or more of the following special matters:

"First. That for the purpose of deceiving the public the description and specification filed by the patentee in the Patent Office was made to contain less than the whole truth relative to his invention or discovery, or more than is necessary to produce the desired effect; or,

"Second. That he had surreptitiously or unjustly obtained the patent for that which was in fact invented by another, who was using reasonable diligence in adapting and perfecting the same; or,

"Third. That it has been patented or described in some printed publication prior to his supposed invention or discovery thereof, or more than one year prior to his application for a patent therefor; or,

"Fourth. That he was not the original and first inventor or discoverer of any material and substantial part of the thing patented; or,

"Fifth. That it had been in public use or on sale in this country for more than one year before his application for a patent, or had been abandoned to the public.

"And in notices as to proof of previous invention, knowledge, or use of the thing patented, the defendant shall state the names of the patentees and the dates of their patents, and when granted, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used; and if any one or more of the special matters alleged shall be found for the defendant, judgment shall be rendered for him with costs. And the like defenses may be pleaded in any suit in equity for relief against an alleged infringement; and proofs of the same may be given upon like notice in the answer of the defendant, and with the like effect."

And the defendants having failed to comply with the statute in giving thirty days notice required as to the proof of previous invention, previous knowledge or previous use of the thing or method patented. Their offer of proof consisted of proof of these things and was not offer to prove the state of the art without any qualification or restriction whatsoever, therefore the affirmative defense, including the defense of estoppel and laches are not established by competent and relevant evidence.

■ This then brings us to a consideration as to whether the defendants have infringed the claims numbered 1, 2, 3, 4 and 5 of the patent, and when in considering that question of fact under the evidence we will be guided with the principle recognized by the Ninth Circuit Court of Appeals in

the case of Petroleum Rectifying Co. v. Reward Oil Co., 260 F. 177–182 where it is said: "If, as we have found, the appellee uses the appellant's process it is immaterial that, by improvements in structure of its apparatus, the appellee has so ·increased the efficiency of its machine that it marks a distinct improvement upon the appellant's apparatus." Moore Filter Co. v. Tonopah-Belmont Development Co., 3 Cir., 201 F. 532.

The adding of additional steps to plaintiff's process will not avoid infringement. Miami Copper Co. v. Minerals Separation Limited, 3 Cir., 244 F. 752; Tilghman v. ·Proctor, 102 U.S. 707, 26 L.Ed. 279.

 An analysis of the evidence and the weight of it discloses that the method of manufacturing of pipe was invented by Cecil R. Smith at a time when·he and the defendant Youngquist were working together at the Hydraulic Pipe Manufacturing Company in Seattle. Youngquist was familiar with attempts to perfect his process of manufacturing pipe. He left that company after the patent had been secured by Smith, to buy an interest in the defendant Canal Boiler Works, and at a time when the Canal Boiler Works was not manufacturing hydraulic pipe in the manner covered by the ·Smith patent. Shortly after he purchased such interest the Canal Boiler Works commenced the manufacture of pipe in the manner and of the method and process covered by the Smith patent and with such knowledge he and the Canal Boiler Works proceeded to manufacture hydraulic pipe in the manner substantially identical to the method set forth in the protected patent by the Smith patent, except with slight variation which are not sufficient to avoid the charge of infringement.

The specific steps disclosed by claims 1, 2, 3, 4, and 5 of the patent were and are being used by the defendants and it will not be necessary to discuss in detail the evidence as to them for as said it is disclosed, by the evidence that the infringement consisted in the defendants' manufacturing of hydraulic pipe in the substantial manner identical to the method set forth in the protected patent.

As to the individual liability of the defendants Youngquist and Rogers, the evidence seems to bring them under the principle that "every voluntary perpetrator of a wrongful act of manufacture, use, or sale of a patented article becomes ipso facto an infringer, and is legally responsible; and

it therefore regards officers, directors, and agents employing or authorizing or assenting to the use of the patented invention as infringers, and personally responsible to the patentee." Cahoone Barnet Mfg. Co. v. Rubber & Celluloid Harness Co., C.C., 45 F. 582, 584; National Car-Brake Shoe Co. v. Terre Haute Car & Mfg. Co., C.C., 19 F. 514; National Cash-Register Co. v. Leland, 1 Cir., 94 F. 502.

It is fundamental that one cannot escape liability for tort in which he personally actually participated. Hitchcock v. American Plate Glass Co., 3 Cir., 259 F. 948.

So the conclusion is reached that the defendants Alex Hedquist, Werner Johnson, Henry B. Youngquist, Rollin C. Rogers and the Canal Boiler Works are liable for infringing the protected patent sued upon by the plaintiff and an interlocutory judgment against them will be entered and the matter referred to a referee for an accounting of damages.